THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LEE ANN McKAY, ) | |
| ) | Case No. 24 CV 4249 |
| Plaintiff, ) | |
| ) | Judge Sharon Johnson Coleman |
| v. ) | |
| ) | |
| A&F REPORTING, INC. and KELLY, ) | |
| FITZGERALD, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

*Pro se* plaintiff Lee Ann McKay brings this suit against A&F Reporting, Inc. and Kelly Fitzgerald, the court reporter of U.S. District Judge John J. Tharp Jr. (together, "Defendants"), based on allegations that Fitzgerald intentionally omitted portions of an October 16, 2018 transcript of a motion to compel hearing in McKay's unsuccessful employment lawsuit. Before the Court is Defendants' motion for summary judgment [42]. For the following reasons, the Court grants Defendants' motion.

**I.   BACKGROUND**

In her complaint, McKay alleges that "A & F Reporting, Inc [the reporter's corporate entity] and Kelly Fitzgerald failed to transcribe and produce the entire hearing on October 16, 2018, neglecting testimony that would be damaging to Judge John J. Tharp, Jr." (Dkt. 1 at ¶ 5.) The complaint also alleges that McKay asked "the Defendants to review the transcript from October 16, 2018, indicating that there is information missing from the transcript." (*Id.* ¶ 24.) McKay "insists that the portion of the hearing outlining Judge John Tharp's refusal to entertain the Plaintiffs entire Motion to Compel and his humiliation of the Plaintiff was not included in the transcript provided." (*Id.* ¶ 26.)

1

Defendants filed the instant motion for summary judgment, along with a Rule 56.1 statement of material facts, on February 4, 2025. In response to two motions and after resolution of a discovery dispute, the Court extended McKay's deadline to respond to Defendants' motion to August 22, 2025, giving McKay a total of more than six and a half months to respond.

On August 21, 2025, McKay filed a brief purporting to respond to Defendants' "motion to dismiss," which fails to respond substantively to any of Defendants' arguments and states, supposedly directed to this Court:

> If you ever have a case involving the police and there is a cover up, I would hope that you would remember this, because obviously it is not just the police that circle the wagons and protect the corrupt. Judge Johnson Coleman, you have demonstrated that you are going to do what is needed to protect those on the Court that need protecting, just as Mr. Walsh is doing and for that reason, I am filing this as my response to a Motion for Summary Judgement.

(Dkt. 64 at *4.) McKay submitted no response to Defendants' Rule 56.1 statement of facts.

**II.    LEGAL STANDARD**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

Local Rule 56.1 provides specific details for the process by which litigants in the Northern District of Illinois should approach summary judgment motions and responses. Local Rule 56.1(a)(2) requires the moving party to file "a statement of material facts . . . that attaches the cited evidentiary material." Local Rule 56.1(b)(2) requires the party opposing summary judgment to file a response to the moving party's statement of material facts "that attaches any cited evidentiary materials not attached to [the moving party's] statement [of material facts]." In responding to the statement of

material facts, the non-moving party must admit the asserted fact, dispute the asserted fact, or admit in part and dispute in part the asserted fact. *See* Local Rule 56.1(e)(2). The response must consist of numbered paragraphs corresponding to the numbered paragraphs in the statement of material facts or statement of additional material facts. *See* Local Rule 56.1(b)(2), (c)(2).

### III. DISCUSSION

The undisputed evidence clearly shows that there is no dispute of material fact. McKay failed to adhere to the Local Rules in a multitude of ways, including by failing to respond to Defendant's motion for summary judgment on the merits and failing to respond to Defendants' Rule 56.1 statement of facts, either by denying or admitting each statement of fact. Because McKay failed to deny or otherwise respond to any of the facts in Defendants' Rule 56.1 statement of material facts, all such facts are deemed admitted. *See Federal Trade Commission v. Febre*, 128 F.3d 530, 536 (7th Cir. 1997) ("Material facts set out by the moving party will be deemed to be admitted unless controverted by the statement of the opposing party.") (citations omitted); *Davis v. Bierman*, 2004 WL 161523, at *2 (N.D. Ill. Jan. 21, 2004) (Coar, J.) ("When a party fails to admit or deny a fact in the manner prescribed by the Local Rules, the fact shall be deemed admitted.").

Given that there is no genuine dispute of material fact, then, summary judgment is proper.

### IV. CONCLUSION

For these reasons, the Court grants Defendants' motion for summary judgment [42]. Civil case terminated.

**IT IS SO ORDERED.**

 SHARON JOHNSON COLEMAN
 United States District Judge

DATED: 9/16/2025